UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENARD RAY HODGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-CV-2255 |
| | § | |
| STALLION OILFIELD SERVICES, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Pending before the court is plaintiff's Motion for Remand. Dkt. 2. After considering the motion, response, and reply of the parties, and the applicable law, the motion is GRANTED.

**I. BACKGROUND**

On December 14, 2006, Lenard Ray Hodge filed a retaliation claim against Pioneer Drilling Company and a negligence claim against Stallion Oilfield Services in Panola County District Court. Dkt. 2. Stallion filed motions to sever the negligence claim from the retaliation claim and to transfer venue to Harris County. The Panola court entered an order granting the motions on May 28, 2007. Dkt. 2. Two weeks after the motion to transfer was granted, on June 12, 2007, Hodge filed a nonsuit with prejudice for his retaliation claim against Pioneer in Panola County. On the thirty-first day after the Panola court ordered the transfer to Harris County, June 28, 2007, Hodge filed a nonsuit without prejudice for his negligence claim against Stallion in the Panola court.[1]  *Id.*    The Panola court

---

[1] The file-stamped date on the motion is June 29, 2007. For the purposes of this inquiry, there is no difference between June 28th and June 29th.

entered an order memorializing the nonsuit on June 29, 2007. *Id.* Also on June 29, 2007, Hodge filed the same, or a similar, complaint against Stallion Oilfield Services, Ltd., d/b/a Stallion Heavy Haulers, in the Eastern District of Texas. 2:07-cv-00274-TJW, Dkt. 1. On July 11, 2007, almost two weeks later, and six weeks after the order to transfer the case was signed, the Harris County District Clerk's office docketed the case in the 165th Judicial District Court. Dkt. 2. Stallion immediately filed a notice of removal in the Harris County court to remove the claims to the Southern District of Texas. Dkt. 1. Hodge argues that the case has been dismissed and therefore cannot be removed, but moves the court to remand the case to the Harris County court so it may be ministerially closed.

## II. ANALYSIS

**A. Removal**

The instant case was not initially removable because of the retaliation claim against Pioneer Drilling Company, which was based on Texas workers' compensation law.[2] Therefore, removal was governed by 28 U.S.C. § 1446(b), which reads in relevant part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b). Notice of removal must be filed within thirty days after Defendant's receipt of a pleading, motion, or order through which the defendant can ascertain that the case has become removable. *Id.* The statutory time limit is "mandatory and must be strictly complied with; the

---

[2] Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

2

period cannot be extended by stipulation of the parties or by order of the court." *Albonetti v. GAF Corp—Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981); *see also Par Indus., Inc. v. Target Container Co.*, EC 91-350-D-D, 1992 WL 152598, at *2 (N.D. Miss. June 12, 1992) (mem. op.); *FLSIC for Sunbelt Sav. Ass'n of Tex. v. Browning*, 732 F. Supp. 690, 691 (N.D. Tex. 1989); *Herrington v. J.R. Pounds, Inc.*, 874 F. Supp. 133, 136–37 (S.D. Miss. 1995) (the thirty-day window is statutory and cannot be modified by stipulation). "The time limitations in [28 U.S.C.] Section 1446 are mandatory and must be strictly construed in accordance with the computation principles in Federal Rule of Civil Procedure 6. [These time limits] will not be extended by continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or court orders." *S.M. v. Jones*, 794 F. Supp. 638, 639 (W.D. Tex. 1992) (citing 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732 (2d ed. 1985)). [3]

In the present case, the action became removable after the Panola court issued orders for severance and transfer on May 28, 2007. In order to comply with 28 U.S.C. § 1446(b), the notice of removal had to be filed within thirty days—on or before June 27, 2007. The notice of removal was not actually filed until the case was docketed in Harris County on July 11, 2007, approximately two weeks after the thirty-day window closed.

**B. Plenary Jurisdiction of the Panola Court**

Stallion argues that the case fell into a jurisdictional gap between the time that the court ordered the transfer and the time it was docketed in Harris County, thereby precluding Stallion from filing the notice of removal. The court disagrees. Under Texas law, a transferring court retains

---

[3] Although Federal Rule of Civil Procedure 6(b) affords some discretion to the court, it is not applicable in this case because the filing in Harris County exceeded the thirty-day period by almost two weeks.

plenary jurisdiction over a case for thirty days.[4] *In re: Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) ("After a trial court grants a motion to transfer venue, it retains plenary jurisdiction over the case for thirty days."); *HCA Health Servs. of Tex., Inc., v. Salinas*, 838 S.W.2d 246, 248 (Tex. 1992). Even though the venue transfer is interlocutory for the parties, the order is final as far as the transferring court is concerned. *In re: Sw. Bell Tel. Co.*, 35 S.W.3d at 605. Therefore, the Panola court retained its plenary jurisdiction through the close of business on June 27, 2007.[5]

The plenary power of the Panola court extended to receiving a notice of removal from Stallion. "A trial court has plenary power over, and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed or, if a motion for new trial or its equivalent is filed, until thirty days after the motion is overruled by signed, written order or operation of law, whichever first occurs." *Orion Enters. v. Pope*, 927 S.W.2d 654, 658-59 (Tex. App.—San Antonio 1996, orig. proceeding). During its plenary jurisdiction, a court can rule on sanctions, hold certain evidentiary hearings, accept a nonsuit, and "vacate, modify, correct, or reform" prior judgments and orders. TEX. R. CIV. P. 329b(d); *see Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (allowing the court to "impose[] sanctions while it retains plenary jurisdiction," even after plaintiff filed a nonsuit); *Berger v. King*, 01-06-00871-CV, 2007 WL 1775991, at *5 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet. hist.) (mem. op.) (noting that the court in *Schexnider* exercised its

---

[4] Notably, Stallion recognized the Panola court's authority when it filed objections to Hodge's nonsuit. Moreover, Stallion recognized in correspondence with Hodge that "the transferring court can accept papers for filing." Dkt. 2, Ex. 3.

[5] Under the Federal Rules, the day on which the order is filed is not counted for the purposes of establishing the thirty-day window. As such, the window begins on May 29, 2007, and ends on June 27, 2007.

plenary power to conduct evidentiary hearings pertaining to the motion for sanctions); *Fincher v. Wright*, 141 S.W.3d 255, 260 (Tex. App.—Ft. Worth 2004, no pet.) (finding prior venue determination to be final, despite filing of nonsuit during plenary jurisdiction of transferring court). Cases such as *Schexnider* and *Fincher* necessarily imply that trial courts, within the period of plenary jurisdiction, can accept filings of the parties.

A notice of removal is less substantive than motions for sanctions or modification of a prior judgment because the notice requires no action or decision on the part of the state court. As such, the Panola court clearly had the authority to docket the notice of removal during its thirty-day period of plenary jurisdiction. Therefore, between May 28, 2007, when the order was issued, and June 27, 2007, when the Panola court's plenary jurisdiction expired, Stallion should have filed the notice of removal with the Panola court. Therefore, this case must be remanded.

**C. Impact of Nonsuit**

Additionally, Hodge argues that no removable case or controversy exists because he filed a nonsuit in Panola County in the severed claim against Stallion on either June 28, 2007, or June 29, 2007.[6] The nonsuit was filed after the expiration of the Panola court's plenary jurisdiction. Whether the nonsuit filed in Panola County was effective or whether the nonsuit must be refiled is a question for the Harris County District Court to determine and depends on the terms of the Panola court's order granting the transfer of venue. *See, e.g.*, *Mete v. Baker Hughes, Inc.*, G-06-CV-770, 2007 WL 1466750, at *2 (S.D. Tex. May 15, 2007) ("Any other pending Motions are left to the discretion of the transferee court."). Ultimately, the validity of the nonsuit has no impact on whether the notice of removal was timely filed. Accordingly, this court need not address it.

---

[6] There is an alleged discrepancy between the date of the filing and the file-stamp.

### III. Conclusion

The removal in this case was untimely filed because Stallion did not file its notice of removal until nearly forty-five days after the case became removable. *See* 28 U.S.C. § 1446(b). In order to comply with the removal statute, Stallion should have filed the notice of removal during the Panola court's exercise of plenary jurisdiction. Because Stallion failed to file within the statutory time period, the case is REMANDED to the 165th Judicial District Court of Harris County, Texas. In light of this ruling, all other pending motions are DENIED AS MOOT.

It is so ORDERED.

Signed at Houston, Texas on September 20, 2007

_____
Gray H. Miller
United States District Judge